IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

INHERENT INC,

    Plaintiff,

v.

GREENFIELD BELSER LTD,

    Defendant.
                               /

No. C 07-00651 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON APRIL 13, 2007, AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. **The parties are also advised that they are not to submit written responses to the Court's questions.**

The Court **tentatively denies** Inherent's motion to remand and **tentatively grants in part and denies in part** Greenfield Belser's motion to dismiss, or in the alternative, for

summary judgment. The Court notes that it **tentatively denies** Greenfield Belser's motion to the extent it seeks summary judgment, and reserves ruling on whether it will grant Inherent leave to file a second amended complaint.

The parties each shall have twenty (20) minutes to address the following questions:

**Motion to Remand.**

1. In its surreply, Greenfield states that "it is in the process of investigating and (to the extent necessary) correcting the problem, if any," with respect to its corporate status. What is the current status of its efforts?

2. If Greenfield obtains a Certificate of Revivor, would Inherent concede that Greenfield's corporate status would not provide a basis to remand this case? *See, e.g., United Medical Management Ltd. v. Court of Appeal*, 49 Cal. App. 4th 1732, 1737-38 & n. 3 (1996) (noting that "revival of corporate powers validates any procedural act taken on behalf of the corporation while its rights were forfeited, and that undertaking discovery qualified as procedural act); *Benton v. Fletcher*, 226 Cal. App. 3d 1485, 1490-91 (1991) (noting that "[m]ost litigation activity has been characterized as procedural for purposes of corporate revival," which includes appearing on and filing motions).

3. If Greenfield's status is forfeit in California, does it contend that based on authority such as *Benton*, *supra*, the Court can hear argument or rule on the motion to dismiss before it files a certificate of revivor?

**Motion to Dismiss**

1. How can Inherent assert Greenfield "intentionally omitted" Inherent from the LMA submission, when Inherent *is* referenced in the narrative?
    a. Does Inherent dispute the authenticity of the narrative submitted with the Ritzer declaration regarding the Marger Web site?
2. Inherent asserts a cause of action for violations of Section 17200, which defines "unfair competition," as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."
    a. Based upon the opposition to Greenfield's motion, it appears that Inherent argues that Greenfield has violated Section 17200 because its alleged actions violate Section 17500. Is the Court correct in this understanding? Is this the only prong

    of Section 17200 that Inherent contends Greenfield allegedly violated? If not, on what other bases does it proceed?

  b. What is the specific relief Inherent seeks for the alleged violations of Section 17200?

3. Greenfield relies on *Dastar v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003) to assert that "failure to credit" is not a valid legal theory to support a Section 17200 claim. In *Dastar* the Supreme Court addressed the portion of the Lanham Act protecting false designations with respect to the "origin of goods" and focused on how the "source" of the goods was attributed on the actual "goods" in question, namely a video series. *Dastar*, 539 U.S. at 31-38. Here, the "good" is the Web site and Inherent does not allege in its Amended Complaint any defect in attribution on the website. Rather, it appears to the Court that Inherent's claims relate to advertising and whether Greenfield is misleading the public in its advertising. *See, e.g., Dastar v. Twentieth Century Fox Film. Corp.*, 2003 WL 22669587 at *3 (C.D. Cal. Oct. 14, 2003) (granting summary judgment on plaintiff's state law unfair competition claims based on reverse passing off and expressly noting that plaintiff did not bring false or misleading advertising claims).

  a. Does the Court correctly understand Inherent's theory of the case? On this theory, can Greenfield explain how *Dastar* is applicable?

  b. If Inherent is claiming "reverse passing off," as a basis for its Section 17200 claim, how does it distinguish *Dastar*?

4. Does Greenfield have any authority that Inherent must specifically identify the parties with whom it contends it had existing relationships with expected prospective economic benefits? If granted leave to amend its complaint, what parties would Inherent identify as parties with whom it had an existing relationship with a future expectancy of economic benefits? *See, e.g., Janda v. Madera Cmty. Hosp.*, 16 F. Supp. 2d 1181, 1189 (E.D. Cal. 1998) (denying motion to dismiss with respect to existing relationships, but granting with leave to amend as to expected future relationships).

5. What are the alleged "wrongful" acts that Inherent contends Greenfield engaged in that caused disruption to its relationship with Marger?

  a. To the extent Inherent premises its third and fourth causes of action on the "failure to credit" theory, how can that theory apply to its relationship with Marger when Marger would have known of Inherent's work on the Web site?

3

    b.    What facts in the Amended Complaint support Inherent's assertion that its existing relationship with Marger contained the probability of future economic benefit?

    c.    Greenfield appears to argue that its actions were privileged. (Re-Noticed Mot. at 8 ("Greenfield's procurement of Marger as a client, and its *truthful* advertisement of its role in creating the winning Marger website, were within the privilege of fair competition.") (emphasis in original). Under California law, courts have found that privilege or justification is an affirmative defense to allegations of intentional interference. *See F. Arnold & Co. v. Pacific Professional Insurance*, 27 Cal. App. 3d 710, 715 (1972). How does Greenfield distinguish this case from the *F. Arnold* case, and why should the Court address this question on a motion to dismiss?

6.    Inherent asks for leave to amend. What additional facts does it intend to include in a second amended complaint?

7.    Are there any other issues the parties wish to address?

Dated: April 10, 2007

JEFFREY S. WHITE  
UNITED STATES DISTRICT JUDGE